IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTI M VERBY,<br><br>    Plaintiff,<br><br> vs.<br><br>PAYPAL, INC., a Global Corporation Registered To Do Business in Nebraska; HEATHER JOHNSON, a resident of Nebraska, individually; JODY WILLEY, a resident of Nebraska, individually; and JUSTIN SEBECK, a resident of Nebraska, individually;<br><br>    Defendants. | 8:13CV51<br><br>**MEMORANDUM AND ORDER** |

   A conference call was held on November 19, 2013 to discuss the status of case progression, potential settlement, and the plaintiff's motion to compel, (Filing No. 37). As to the motion to compel, during the conference call, the parties discussed their respective positions regarding what documents in defendants' possession may be relevant to the plaintiff's case. Although the motion to compel was discussed extensively, at the plaintiff's request, the plaintiff was granted leave to file a reply brief on or before November 29, 2013. That brief was not filed. The motion to compel is now fully submitted.

   There is nothing of record indicating the plaintiff conferred with the defendants before filing the motion to compel. The plaintiff did not submit a copy of the discovery at issue and the defendants' objections, and she filed no brief in support of her motion. For these reasons alone, the motion to compel was subject to being summarily denied for failure to comply with the court's local rules.

   Plaintiff's Request 8 initially requested: "All login records of the Plaintiff, Jody Willey, Justin Sebeck, and all day and weekend employees from January 1, 2011 to the

present," and the plaintiff thereafter reduced that request to a time period beginning on September, 2011. During the conference call, the plaintiff changed the starting date to November 2011. The defendants state the request is overbroad, unduly burdensome, and even with the date restrictions, far exceeds the scope of potentially relevant information for this case. The defendants state they have already provided all records they reviewed and relied on (the "dumping records") when deciding to terminate the plaintiff's employment.

Plaintiffs Request 18 seeks: "To PayPal, all documents for all Fraud Claims Agents day and weekend shifts for 2009, 2011, 2012, 2013 that have the following programs a) all Amour reports, b) all stats, c) all Avya phone reports, d) Instant Messenger, e) Outlook emails." The plaintiff thereafter narrowed the request to a) all Amour reports, b) all stats, and c) all Avya phone reports for 2011 and 2012 for all Fraud Claims Agents day and weekend shifts. Again, the defendant states the request is extremely broad and responding would be unduly burdensome, particularly in light of the issues raised in plaintiff's complaint..

The court agrees. Plaintiff's discovery requests are not tailored to obtain only information relevant or capable of leading to the discovery of information relevant to this case. Plaintiff's sweeping requests for information are overly broad and unduly burdensome. As such, the defendants' objections to the plaintiff's discovery requests identified in the motion to compel will be sustained.

IT IS ORDERED that plaintiff's motion to compel, (Filing No. 37), is denied.

December 2, 2013.

                BY THE COURT:

                *s/ Cheryl R. Zwart*
                United States Magistrate Judge